1  Andrew J. Liska, SBN 131725
   **ABBENE, ALCOCK & LISKA, APC**
2  1010 Second Ave, Suite 1350
   San Diego, California 92101
3  Telephone: (619) 236-1323; Fax (619) 238-0465

4  Attorneys for Defendant,
   **GARY BERMAN**

5

6

7

8                **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  LYMS, INC.; WENDY YOUNGREN AND        ) **CASE NO.**  08 cv 1210 JLS-NLS
    CATHY MEANS AS SUCCESSOR              )
12  TRUSTEES OF THE LYMOS 401(k)          )
    SAVINGS PLAN,                         )
13                                        ) **ANSWER OF GARY BERMAN TO FIRST**
                Plaintiffs,               ) **AMENDED COMPLAINT; DEMAND FOR**
14                                        ) **JURY TRIAL**
    v.                                    )
15                                        )
                                          )
16  BRUCE MILLIMAKI AND MICHAEL           )
    EGGERT, FORMER TRUSTEES OF THE        )
17  LYMOS 401(k) SAVINGS PLAN; GARY       )
    BERMAN,                               )
18                                        )
                Defendants.               )
19  _____  )

20       Defendant, GARY BERMAN ("Defendant"), as and for his answer to the First Amended

21  Complaint of Plaintiffs LYMS, INC.; WENDY YOUNGREN AND CATHY MEANS AS

22  SUCCESSOR TRUSTEES OF THE LYMOS 401(k) SAVINGS PLAN, U.S. BANK NATIONAL

23  ASSOCIATION, a national banking association ("Plaintiffs"), states and alleges as follows:

24                              **ANSWER**

25       1.    Except as hereinafter admitted, qualified or otherwise answered, Defendant denies each

26  and every matter and thing contained in Plaintiffs' Complaint and puts Plaintiffs to their strict burden

27  of proof.

28  ///

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

2.      Defendant admits the allegations of paragraphs 1, 2, 3, 4, 5 and 6 of Plaintiffs' First Amended complaint.

3.      Regarding the allegations of paragraph 7 of Plaintiffs' First Amended complaint, Defendant states that the First Amended Complaint speaks for itself as to its allegations.  Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

4.      Regarding the allegations of paragraph 8 of Plaintiffs' First Amended complaint, Defendant states that the First Amended Complaint speaks for itself as to its allegations.  Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

5.      Defendant admits the allegations of paragraph 9 of Plaintiffs' First Amended complaint.

6.      Regarding the allegations of paragraph 10 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

7.      Regarding the allegations of paragraph 11 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

8.      Regarding the allegations of paragraph 12 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

9.      Regarding the allegations of paragraph 13 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

1  paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs

2  to their strict burden of proof.

3      10.    Regarding the allegations of paragraph 14 of Plaintiffs' First Amended complaint,

4  Defendant is without sufficient information to admit or deny the allegations contained in said

5  paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs

6  to their strict burden of proof.

7      11.    Regarding the allegations of paragraph 15 of Plaintiffs' First Amended complaint,

8  Defendant admits that the Company and its predecessors have sponsored retirement plans.  Except as

9  expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations

10  contained in said paragraph therefore, Defendant denies each and every allegation contained therein

11  and puts Plaintiffs to their strict burden of proof.

12     12.    Regarding the allegations of paragraph 16 of Plaintiffs' First Amended complaint,

13  Defendant admits that he provided services to Lipsey, Milllimaki & Company, CPAs ("LMC") with

14  regard to its retirement plan.  Except as expressly admitted herein, Defendant is without sufficient

15  information to admit or deny the allegations contained in said paragraph therefore, Defendant denies

16  each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

17     13.    Regarding the allegations of paragraph 17 of Plaintiffs' First Amended complaint,

18  Defendant admits that Messrs. Eggert and Millimaki were, but no longer are trustees of LMC's

19  retirement plan, and that Ms. Means and Ms. Youngren are now trustees of said plan.  Except as

20  expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations

21  contained in said paragraph therefore, Defendant denies each and every allegation contained therein

22  and puts Plaintiffs to their strict burden of proof.

23     14.    Defendant admits the allegations of paragraph 18 of Plaintiffs' First Amended

24  Complaint.

25     15.    Regarding the allegations of paragraph 19 of Plaintiffs' First Amended complaint,

26  Defendant is without sufficient information to admit or deny the allegations contained in said

27  paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs

28  to their strict burden of proof.

- 3 -

16.     Regarding the allegations of paragraph 20 of Plaintiffs' First Amended complaint, Defendant admits that Messrs. Millimaki and Eggert left their employment with Plaintiffs.  Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

17.     Regarding the allegations of paragraph 21 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

18.     Regarding the allegations of paragraph 22 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

19.     Regarding the allegations of paragraph 23 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

20.     Regarding the allegations of paragraph 24 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

21.     Regarding the allegations of paragraph 25 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

22.     Regarding the allegations of paragraph 26 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said

/ / /

- 4 -

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

23.    Regarding the allegations of paragraph 27 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

24.    Regarding the allegations of paragraph 28 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

25.    Regarding the allegations of paragraph 29 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

26.    Regarding the allegations of paragraph 30 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

27.    Regarding the allegations of paragraph 31 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

28.    Regarding the allegations of paragraph 32 of Plaintiffs' First Amended complaint, Defendant admits he has cooperated with Plaintiffs' requests and has, among other things, provided documents regarding the Plan to Plaintiffs. Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

- 5 -

29.    Regarding the allegations of paragraph 33 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

30.    Regarding the allegations of paragraph 34 of Plaintiffs' First Amended complaint, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

31.    Regarding the allegations of paragraph 35 of Plaintiffs' First Amended complaint, Defendant admits that a voluntary compliance program submission regarding the Plan was made by Plaintiffs to the IRS.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

32.    Regarding the allegations of paragraph 36 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

33.    Regarding the allegations of paragraph 37 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

34.    Regarding the allegations of paragraph 38 of Plaintiffs' First Amended complaint, Defendant admits that the IRS issued a compliance statement regarding the Plan which statement speaks for itself.  Except as expressly admitted, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

35.    Regarding the allegations of paragraph 39 of Plaintiffs' First Amended complaint, Defendant admits that a voluntary compliance program submission was made to the IRS and that the IRS issued a compliance statement regarding the Plan, and those documents speak for themselves. Except as expressly admitted,  Defendant is without sufficient information to admit or deny the

- 6 -

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

36.    Regarding the allegations of paragraph 40 of Plaintiffs' First Amended complaint, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

37.    Regarding the allegations of paragraph 41 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

38.    Regarding the allegations of paragraph 42 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

39.    With respect to paragraphs 43, 50, 53, and 56 no admission or denial is necessary as they are reasserted allegations which have already been admitted or denied. However, to the extent required by the Federal Rules of Civil Procedure Defendant denies the allegations contained in paragraphs 43, 50, 53 and 56 putting Plaintiff to its strict burden of proof.

40.    With respect to paragraph 44 of Plaintiffs' First Amended Complaint, said paragraph purports to summarize legal issues relating to ERISA, and Defendant refers to the statutes and law set forth therein, which speak for themselves. However, to the extent required by the Federal Rules of Civil Procedure, Defendant denies the allegations contained in said paragraph putting Plaintiff to its strict burden of proof.

41.    There were no paragraphs in the First Amended Complaint numbered 45 through 47, inclusive, and Defendant accordingly makes no reply thereto.

42.    Regarding the allegations of paragraph 48 of Plaintiffs' First Amended complaint, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

- 7 -

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

43.     Regarding the allegations of the first paragraph numbered as 49 of Plaintiffs' First Amended complaint,  Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

44.     Regarding the allegations of the second paragraph numbered as 49 in Plaintiffs' First Amended complaint, said allegations include references to statutes and legal authority, which speak for themselves. Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

45.     Regarding the allegations of paragraph 51 of Plaintiffs' First Amended complaint, which among other things reference language of the Plan, and the Plan speaks for itself.  Said allegations also include references to statutes and legal authority, which speak for themselves.  As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

46.     Regarding the allegations of paragraph 52 of Plaintiffs' First Amended complaint, said allegations are references to statutes and legal authority, which speak for themselves.  However, to the extent required by the Federal Rules of Civil Procedure Defendant denies the allegations contained in said paragraph putting Plaintiff to its strict burden of proof.

47.     Regarding the allegations of paragraph 54 of Plaintiffs' First Amended complaint, Defendant admits he was an administrator for the Plan and that this included obligations regarding the administration of the Plan.  Except as expressly admitted herein, Defendant is without sufficient information to admit or deny the allegations contained in said paragraph therefore,  Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

48.     Regarding the allegations of paragraph 55 of Plaintiffs' First Amended complaint, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

/ / /

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

49.     Regarding the allegations of paragraph 57 of Plaintiffs' First Amended complaint, Defendant admits he was an administrator for the Plan and that this included obligations regarding the administration of the Plan.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein and puts Plaintiffs to their strict burden of proof.

**AFFIRMATIVE DEFENSES**

1.     For Defendant's First Affirmative Defense, Defendant states that Plaintiffs' complaint fails to state a claim for which relief can be granted.

2.     For Defendant's Second Affirmative Defense, Defendant states that Plaintiffs' claims are barred by failure of consideration.

3.     For Defendant's Third Affirmative Defense, Defendant states that Plaintiffs' claims are barred by lack of privity of contract.

4.     For Defendant's Fourth Affirmative Defense, Defendant states that Plaintiffs' claims fail as they have not been plead with particularity as required by the Federal Rules of Civil Procedure.

5.     For Defendant's Fifth Affirmative Defense, Defendant states Plaintiffs' claims fail due to the doctrine of estoppel and laches.

6.     For Defendant's Sixth Affirmative Defense, Defendant states that Defendant is not legally responsible for the acts and/or omissions of any other defendant.

7.     For Defendant's Seventh Affirmative Defense, Defendant, Defendant is informed and believes and thereon alleges that Plaintiffs, by their own acts and/or admissions, are estopped from recovering at all against Defendant.

8.     For Defendant's Eighth Affirmative Defense, Defendant is informed and believes and thereon alleges that by reason of their own conduct, Plaintiffs are barred by the doctrine of Unclean Hands from recovering any of the relief sought in the First Amended Complaint.

9.     For Defendant's Ninth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs lack standing to pursue any or all of the claims raised in the First Amended Complaint, or any other claims against Defendant.

/ / /

/ / /

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

10.    For Defendant's Tenth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs, by their own acts and/or admissions, have waived their rights, if any, to recover against Defendant.

11.    For Defendant's Eleventh Affirmative Defense, Defendant is informed and believes and thereon alleges that the damages allegedly suffered by Plaintiffs, if any, which is not admitted hereby, have been caused and/or substantially aggravated as a result of Plaintiffs' failure to exercise reasonable diligence to mitigate its alleged damages.  Defendant's liability, if any, must therefore be limited to the amount of damages, if any, that would have been sustained if Plaintiffs had exercised reasonable diligence and appropriately mitigated their alleged damages.

12.    For Defendant's Twelfth Affirmative Defense, Defendant states that Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to, §§ 337, 338, 339, 340 and 343 of the Code of Civil Procedure.

13.    For Defendant's Thirteenth Affirmative Defense, Defendant is informed and believes and thereon alleges that the allegations of the First Amended Complaint include allegations of non-existent obligations not contracted for and outside of the agreement of the parties or any of them, which is therefore a complete bar to any recovery herein.

14.    For Defendant's Fourteenth Affirmative Defense, Defendant states that to the extent Plaintiffs suffered any damages, which is not admitted hereby, those damages were caused legally and proximately by the conduct of third parties, and not by Defendant, and if Defendant is found to be responsible to Plaintiffs for any damages, then Defendant is entitled to be indemnified by the parties who were legally responsible for Plaintiff's purported damages.

15.    For Defendant's Fifteenth Affirmative Defense, Defendant is informed and believes and thereon alleges that the alleged contract(s) set forth in the First Amended Complaint were altered, modified, canceled, superseded, terminated and/or are otherwise unenforceable.

16.    For Defendant's Sixteenth Affirmative Defense, Defendant is informed and believes and thereon alleges that any damages to Plaintiffs, which damages are not admitted hereby, were proximately and legally caused or contributed to by Plaintiffs' own negligence.

/ / /

- 10 -

17.    For Defendant's Seventeenth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs' alleged damages, if any, are subject to a claim of setoff.

18.    For Defendant's Eighteenth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs have released Defendant for and from any damages.

19.    For Defendant's Nineteenth Affirmative Defense, Defendant is informed and believes and thereon alleges that all obligations, if any, to Plaintiffs have been fully performed, discharged, satisfied or excused, and that Plaintiffs are barred from recovery under the provisions of Civil Code sections 1473 through 1477, inclusive.

20.    For Defendant's Twentieth Affirmative Defense, Defendant is informed and believes and thereon alleges that the actions of Defendant herein were not the legal cause of the losses, damages or injuries alleged in the First Amended Complaint.

21.    For Defendant's Twenty-first Affirmative Defense, Defendant is informed and believes and thereon alleges that the parties entered into an accord and satisfaction, and Plaintiffs are therefore not entitled to any recovery as sought by them in their First Amended Complaint.

22.    For Defendant's Twenty-second Affirmative Defense, Defendant is informed and believes and thereon alleges that should it be determined that Defendant has failed to perform any obligation required by the alleged agreements between the parties, said failure was caused by Plaintiffs' acts, omissions and breaches, and/or the acts, omissions and breaches of their agents, which prevented performance and/or Plaintiffs themselves failed to perform, thereby excusing any further performance by Defendant.

23.    For Defendant's Twenty-third Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs did not perform the conditions precedent, conditions concurrent or implied conditions imposed upon them by the purported agreements alleged in this action.

24.    For Defendant's Twenty-fourth Affirmative Defense, Defendant states that he presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

- 11 -

1  WHEREFORE, Defendant Gary Berman, prays for an Order and Judgment of this Court as

2  follows:

3  1.  Dismissing  Plaintiffs' First Amended Complaint against him in its entirety with

4  prejudice and on the merits, and ordering that Plaintiffs take nothing by way of their First Amended

5  Complaint and prayer for relief contained therein against him;

6  2.  Awarding costs and disbursements, including reasonable attorney's fees, in favor of

7  him incurred as a result of having to defend the unwarranted claims of Plaintiffs' First Amended

8  Complaint; and,

9  3.  Awarding such further relief as the court deems just and equitable.

10

11  Dated: August 12, 2008                              **ABBENE, ALCOCK & LISKA, APC**

12

13

14  By:  ___s/ Andrew J. Liska_____
       Andrew J. Liska

15  Attorneys for Defendant Gary Berman
       Attorney email aliska@aalapc.com

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

**Answer to First Amended Complaint; Demand for Jury Trial**
**08-cv-1210-JLS-NLS**

**JURY DEMAND**

Pursuant to Rule 38 and Rule 81(c) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

Dated: August 12, 2008                    **ABBENE, ALCOCK & LISKA, APC**


By:    s/ Andrew J. Liska
       Andrew J. Liska
       Attorneys for Defendant Gary Berman
       Attorney email aliska@aalapc.com

- 13 -

1  Andrew J. Liska, SBN 131725
2  **ABBENE, ALCOCK & LISKA, APC**
   1010 Second Ave, Suite 1350
3  San Diego, California  92101
   Telephone: (619) 236-1323; Fax (619) 238-0465

4  Attorneys for Defendant,
5  **GARY BERMAN**

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  LYMS, INC.; WENDY YOUNGREN AND    )  **CASE NO.**  08 cv 1210 JLS-NLS
    CATHY MEANS AS SUCCESSOR          )
12  TRUSTEES OF THE LYMOS 401(k)      )
    SAVINGS PLAN,                     )
13                                    )  **CERTIFICATE OF SERVICE**
              Plaintiffs,             )
14                                    )
                                      )
15  v.                                )
                                      )
16  BRUCE MILLIMAKI AND MICHAEL       )
    EGGERT, FORMER TRUSTEES OF THE    )
17  LYMOS 401(k) SAVINGS PLAN; GARY   )
    BERMAN,                           )
18                                    )
              Defendants.             )
19  _____    )

20         I am a citizen of the United States and a resident of the County of San Diego.  I am over the

21  age of eighteen (18) years and not a party to the within above-entitled action.  My business address

22  is 1010 Second Avenue, Suite 1350, San Diego, CA 92101.  I am familiar with Abbene, Alcock &

23  Liska's practice whereby the mail is sealed, given the appropriate postage and placed in a

24  designated mail collection area.  Each day's mail is collected and deposited in a United States

25  mailbox after the close of each day's business.

26  On August 12, 2008 I served the following:

27  ///

28  ///

**ANSWER OF GARY BERMAN TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

[XX ]  **(By Mail)** placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, CA, addressed as follows:

See attached Service List

[ ]     **(By Federal Express/Express Mail)** placing a true copy thereof enclosed in a sealed envelope, prepaid, deposited with the Federal Express or Express Mail carrier at San Diego, CA, addressed as follows:

[ ]     **(By Facsimile)**. The recipient's name and fax number that I used are as shown below.  No error was reported by the machine and a transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 12, 2008, at San Diego, CA.


s/Debbie Love
DEBBIE LOVE

///
///
///
///
///
///
///
///
///
///
///
///
///

- 2 -

1    Service List:

2    Peta Lewis Hallisey                          Attorney for Plaintiffs,
     Branton and Wilson, APC                      Lyms, Inc.
3    701 B Street, Suite 1255                     Cathy Means
     San Diego, California 92101-8101             Wendy Youngren
4    (619) 236-1891
     (619) 236-8005 (fax)
5    plhallisey@brantonwilson.com

6    Stephen L. Schreiner                         Attorney for Plaintiffs,
     Solomon Ward Seidenwurm & Smith, LLP         Lyms, Inc.
7    401 B Street, Suite 1200                     Cathy Means
     San Diego, CA 92101                          Wendy Youngren
8    (619) 238-4881
     (619) 231-4755 (fax
9    sschreiner@swsslaw.com

10   Susan L. Meter                               Attorney for Defendants,
     Butterfield Schechter LLP                    Bruce Millimaki
11   10616 Scripps Summit Court                   Michael Eggert
     Suite 200
12   San Diego, CA 92131
     (858) 444-2300
13   (858) 444-2345 (fax)
     smeter@bsllp.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**
**08-cv-1210-JLS-NLS**