MARC S. SCHECHTER (State Bar No. 116190)
SUSAN L. METER (State Bar No. 236133)
ELIZABETH M. SALES (State Bar No. 250992)
Butterfield Schechter◆LLP
10616 Scripps Summit Court, Suite 200
San Diego, CA 92131
Telephone: (858) 444-2300

Attorneys for Defendants and Counterclaimants Bruce Millimaki and Michael Eggert

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LYMS, INC.; WENDY YOUNGREN AND CATHY MEANS AS SUCCESSOR TRUSTEES OF THE LYMOS 401(k) SAVINGS PLAN,

Plaintiffs,

vs.

BRUCE MILLIMAKI AND MICHAEL EGGERT, FORMER TRUSTEES OF THE LYMOS 401(k) SAVINGS PLAN; GARY BERMAN, INDIVIDUALLY,

Defendants.

BRUCE MILLIMAKI AND MICHAEL EGGERT,

Counterclaimants,

vs.

LYMS, INC.,

Counterdefendant.

Case No. 08 cv 1210 JLS-NLS

DEFENDANTS/COUNTERCLAIMANTS BRUCE MILLIMAKI AND MICHAEL EGGERT'S ANSWER TO FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. § 1001 *et seq*.; NEGLIGENCE AND BREACH OF CONTRACT UNDER 29 USC § 1367(a); and COUNTERCLAIM AGAINST LYMS, INC., FOR BREACH OF CONTRACT, INDEMNITY, AND CONTRIBUTION

DEMAND FOR JURY TRIAL

Judge: Honorable Janis L. Sammartino
Complaint Filed: June 25, 2008
Trial Date: None Set

Defendants BRUCE MILLIMAKI ("Millimaki") and MICHAEL EGGERT ("Eggert")

("Defendants") hereby answer Plaintiffs LYMS, INC.; WENDY YOUNGREN AND CATHY MEANS AS SUCCESSOR TRUSTEES OF THE LYMOS 401(k) PLAN's ("Plan") ("Plaintiffs") First Amended Complaint ("FAC"). Defendants deny all allegations not expressly admitted herein.

1. Defendants are informed and believe that LYMS, Inc., is a California corporation organized and existing under the laws of the State of California with its principal place of business located in the County of San Diego. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 1 of the FAC and, therefore, deny the allegations of paragraph 1 of the FAC.

2. Defendants are without sufficient information to admit or deny the allegations of paragraph 2 of the FAC and, therefore, deny the allegations of paragraph 2 of the FAC.

3. Paragraph 3 of the FAC calls for a legal conclusion for which no response is required.

4. Defendant Millimaki admits the allegations of paragraph 4 of the FAC.

5. Defendant Eggert admits the allegations of paragraph 5 of the FAC.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the FAC and, therefore, deny the allegations of paragraph 6 of the FAC.

**JURISDICTION AND VENUE**

7. Defendants admit that this court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1331, but deny the remainder of the allegations of paragraph 7 because Defendants do not have sufficient knowledge or information to form a belief as to those allegations.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the FAC and, therefore, deny the allegations of paragraph 7 of the FAC.

9. Defendants admit that venue is proper.

**FACTUAL BACKGROUND**

10. Defendants deny the allegations of paragraph 10 of the FAC.

11. Defendants admit the allegations of paragraph 11 of the FAC, except for the allegation that LYMS, Inc., is the "Plan Sponsor" and that LYMS, Inc., and LYMOS together constitute the "Company," to which Defendants answer that what constitutes a Plan Sponsor or Company is a legal conclusion to which no response is required.

12. Defendants deny that from approximately 1991 through June 30, 2005, Lipsey and Millimaki were partners or shareholders in the Company. Defendant Millimaki is informed and believes and based thereon responds that he and Lipsey became partners or shareholders in the Company in 1989. Defendants are without sufficient knowledge or information to admit or deny that Lipsey and Millimaki were partners or shareholders in its predecessors, as the term "predecessors" is vague and ambiguous as written and, therefore, Defendants deny that Lipsey and Millimaki were partners or shareholders in "its predecessors." Defendants are further without sufficient knowledge or information to admit or deny the allegation that "During the existence of those firms, Lipsey and Millimaki practiced accounting together for approximately 15 years," because the term "those firms" is vague and ambiguous. Defendants, therefore, deny the allegation that "During the existence of those firms, Lipsey and Millimaki practiced accounting together for approximately 15 years."

13. Defendants deny the allegations of paragraph 13 of the FAC.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the FAC and, therefore, deny the allegations of paragraph 14 of the FAC.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the FAC and, therefore, deny the allegations of paragraph 15 of the FAC.

16. Defendants deny the allegations of paragraph 16 of the FAC.

17. Defendants deny the allegations of paragraph 17 of the FAC.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 18 of the FAC and, therefore, deny the allegations of paragraph 18 of the FAC.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 19 of the FAC and, therefore, deny the allegations of paragraph 19 of the FAC.

/././

/././

20. Defendants admit that they filed Form 5500 for the 2004 Plan Year sometime during the six month period beginning June 30, 2005. Defendants deny all other allegations of paragraph 20 of the FAC.

21. Defendants answer that any purported notice dated July 21, 2005, speaks for itself and any effective date of the alleged notice calls for a legal conclusion to which no response is required. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the FAC and, therefore, deny the remaining allegations of paragraph 21 of the FAC.

22. Defendants deny the allegations of paragraph 22 of the FAC.

23. Paragraph 23 of the FAC calls for a legal conclusion for which no response is required.

24. Defendants deny the first sentence of paragraph 24 of the FAC. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 24 of the FAC and, therefore, deny the remaining allegations of paragraph 24 of the FAC.

25. Defendants deny the allegations of paragraph 25 of the FAC.

26. Defendants deny the allegations of paragraph 26 of the FAC.

27. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 27 of the FAC and, therefore, deny the allegations of paragraph 27 of the FAC.

28. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 28 of the FAC and, therefore, deny the allegations of paragraph 28 of the FAC.

29. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 29 of the FAC and, therefore, deny the allegations of paragraph 29 of the FAC.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 30 of the FAC and, therefore, deny the allegations of paragraph 30 of the FAC.

31. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 31 of the FAC and, therefore, deny the allegations of paragraph 31 of the FAC.

32. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 32 of the FAC and, therefore, deny the allegations of paragraph 32 of the FAC.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 33 of the FAC and, therefore, deny the allegations of paragraph 33 of the FAC.

a. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 33(a) of the FAC and, therefore, deny the allegations of paragraph 33(a) of the FAC.

b. Defendants deny the allegations of paragraph 33(b) of the FAC.

c. Paragraph 33(c) calls for a legal conclusion to which no response is required. To the extent it does not call for a legal conclusion, Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny the allegations of paragraph 33(c).

d. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 33(d) of the FAC and, therefore, deny the allegations of paragraph 33(d) of the FAC.

34. Paragraph 34 calls for a legal conclusion to which no response is required.

35. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 35 of the FAC and, therefore, deny the allegations of paragraph 35 of the FAC.

36. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 36 of the FAC and, therefore, deny the allegations of paragraph 36 of the FAC.

/./. /

37. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 37 of the FAC and, therefore, deny the allegations of paragraph 37 of the FAC.

a. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 37(a) of the FAC and, therefore, deny the allegations of paragraph 37(a) of the FAC.

b. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 37(b) of the FAC and, therefore, deny the allegations of paragraph 37(b) of the FAC.

c. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 37(c) of the FAC and, therefore, deny the allegations of paragraph 37(c) of the FAC.

d. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 37(d) of the FAC and, therefore, deny the allegations of paragraph 37(d) of the FAC.

38. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 38 of the FAC and, therefore, deny the allegations of paragraph 38 of the FAC.

39. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 39 of the FAC and, therefore, deny the allegations of paragraph 39 of the FAC.

40. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 40 of the FAC and, therefore, deny the allegations of paragraph40 of the FAC.

41. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 41 of the FAC and, therefore, deny the allegations of paragraph 41 of the FAC.

/././

42. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 42 of the FAC and, therefore, deny the allegations of paragraph 42 of the FAC.

**CLAIMS FOR RELIEF**

**First Claim for Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(2) for appropriate relief under 29 U.S.C. § 1109**

43. Defendants incorporate by reference the above paragraphs as though fully set forth herein.

44. Paragraph 44 calls for a legal conclusion to which no response is required.

45. No paragraph 45 exists in the FAC; therefore, no response is required.

46. No paragraph 46 exists in the FAC; therefore, no response is required.

47. No paragraph 47 exists in the FAC; therefore, no response is required.

48. Paragraph 48 calls for a legal conclusion to which no response is required. To the extent paragraph 48 does not call for a legal conclusion, Defendants deny the allegations of paragraph 48.

49. Paragraph 49 calls for a legal conclusion to which no response is required. To the extent paragraph 49 does not call for a legal conclusion, Defendants deny the allegations of paragraph 49.

49. The second paragraph 49 of the FAC calls for a legal conclusion to which no response is required. To the extent the second paragraph 49 of the FAC does not call for a legal conclusion, Defendants deny the allegations of the second paragraph 49.

**Second Claim for Breach of Fiduciary Duty under 29 U.S.C. §1132(a)(3)**

50. Defendants incorporate by reference the above paragraphs as though fully set forth herein.

51. Paragraph 51 calls for a legal conclusion to which no response is required. To the extent paragraph 51 does not call for a legal conclusion, Defendants deny the allegations of paragraph 51.

/./. /

52. Paragraph 52 calls for a legal conclusion to which no response is required. To the extent paragraph 52 does not call for a legal conclusion, Defendants deny the allegations of paragraph 52.

**Third Claim for Negligence Against Defendant Berman under 28 U.S.C. §1367(a)**

53. Defendants incorporate by reference the above paragraphs as though fully set forth herein.

54. Paragraph 54 calls for a legal conclusion to which no response is required. To the extent paragraph 54 does not call for a legal conclusion, Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 54 and, therefore, deny such allegations.

55. Paragraph 55 calls for a legal conclusion to which no response is required.

**Fourth Claim for Breach of Contract against Defendant Berman under 28 U.S.C. §1367(a)**

56. Defendants incorporate by reference the above paragraphs as though fully set forth herein.

57. Defendants are without sufficient information to admit or deny the first sentence of paragraph 57 of the FAC and, therefore, deny said allegations. The remaining portion of paragraph 57 calls for a legal conclusion to which no response is required.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

58. As a first and separate affirmative defense, these answering Defendants allege that the FAC and every cause of action or alleged claim for relief contained therein fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**

59. As a second and separate affirmative defense, these answering Defendants allege that LYMS, Inc., is obligated to indemnify and hold harmless Millimaki and Eggert against any and all claims, losses, damages, expenses, and liabilities they may incur in the exercise and performance of their powers and duties while acting as Trustees of the Plan pursuant to section 7.13 of the LYMOS 401(k) Savings Plan document executed on February 18, 2002 ("Plan document").

**Third Affirmative Defense**

60. As a third and separate affirmative defense, Defendants allege that each and every claim in the FAC is barred by federal statute of limitations.

**Fourth Affirmative Defense**

61. As a fourth and separate affirmative defense, Defendants allege that Plaintiffs have no standing.

**Fifth Affirmative Defense**

62. As a fifth and separate affirmative defense, Defendants allege that Plaintiffs are barred from recovery under the doctrine of unclean hands.

**Sixth Affirmative Defense**

63. As a sixth and separate affirmative defense, Defendants allege that the FAC and each and every alleged claim therein is barred by laches.

**Seventh Affirmative Defense**

64. As a seventh and separate affirmative defense, these answering Defendants allege that all contributions required to be made under the terms of the Plan or by application of law are obligations of the Employer, as defined in the Plan, only and these answering Defendants have no obligation to fund or contribute to the Plan the alleged $22,220.80 on behalf of lower-compensated employees.

**Eighth Affirmative Defense**

65. As an eighth and separate affirmative defense, these answering Defendants allege that section 7.1(b) of the Plan document provides that

> [t]he Trustee is accountable to the Employer for the funds contributed to the Plan by the Employer, but the Trustee does not have any duty to see that the contributions received comply with the provisions of the Plan. The Trustee is not obligated to collect any contributions from the Employer, nor is it under a duty to see that funds deposited with it are deposited in accordance with the provisions of the Plan.

Therefore, these answering Defendants allege that even if a contribution was required by the Employer, it was not these answering Defendants' obligation that this contribution was made to the Plan, nor was it these answering Defendants' obligation to make sure that any contributions to the Plan were made in accordance with any Plan provisions.

**Ninth Affirmative Defense**

66. As a ninth and separate affirmative defense, these answering Defendants allege that pursuant to paragraph 11 of the Plan's Adoption Agreement executed on February 18, 2002, the Employer is the Administrator of the Plan. According to section 2.4 of the Plan document, as the Administrator, the Employer is

> . . . charged with the duties of the general administration of the Plan and the powers necessary to carry out such duties as set forth under the terms of the Plan, including, but not limited to the following:
>
> . . .
>
> e. to maintain all necessary records for the administration of the Plan;
>
> f. to interpret the provisions of the Plan and to make and publish such rules for regulation of the Plan that are consistent with the terms hereof;
>
> . . .
>
> h. to compute and certify to the Employer and to the Trustee from time to time the sums of money necessary or desirable to be contributed to the Plan;
>
> . . .
>
> l. to act as the named Fiduciary responsible for communicating with Participants as needed to maintain Plan compliance with Act Section 404(c) (if the Employer intends to comply with Act Section 404(c)) including, but not limited to the receipt of transmission of Participants' directions as to the investment of their accounts under the Plan and the formation of policies, rules, and procedures pursuant to which Participants may give investment instructions with respect to the investment of their accounts . . . .

Based thereon, these answering Defendants allege that the Employer, not these answering Defendants, are liable for any alleged damages that may have occurred as a result of the allegations of the FAC.

**Tenth Affirmative Defense**

67. As a tenth and separate affirmative defense, these answering Defendants allege that to the extent that Plaintiffs have suffered damages or losses, if any, the Trustee did not and cannot guarantee against investment loss or depreciation in asset value as provided under section 10.12 of the Plan document.

/./

/./

**Eleventh Affirmative Defense**

68. As an eleventh and separate affirmative defense, these answering Defendants allege that if this suit is resolved in favor of Millimaki and/or Eggert, the Trust Fund of the Plan shall be required to reimburse Millimaki and/or Eggert for any and all costs, attorney's fees, and other expenses pertaining thereto incurred by them as provided under section 10.6 of the LYMOS 401(k) Savings Plan document.

**Twelfth Affirmative Defense**

69. As a twelfth and separate affirmative defense, these answering Defendants allege that Plaintiffs and each of them, individually or by the acts and omissions of their agents or representatives, are guilty of tortious conduct and guilty of unclean hands in that, by their acts and omissions to act, their conduct was a substantial factor which caused any damage alleged in the FAC.

**Thirteenth Affirmative Defense**

70. As a thirteenth and separate affirmative defense, these answering Defendants allege that Gary Berman is responsible for the plan failures, if any, as alleged in paragraphs 37, 37(a)-37(d) and is responsible for any damages incurred as a result of such failures, if any.

**Fourteenth Affirmative Defense**

71. As a fourteenth and separate affirmative defense, these answering Defendants allege that the alleged professional fees related to analyzing, reporting, and attempting to rectify legal and accounting deficiencies, as alleged in paragraph 40 of the FAC, are exorbitant and were unnecessarily incurred in light of the potential consequences to the Plan.

**Fifteenth Affirmative Defense**

72. As a fifteenth and separate affirmative defense, these answering Defendants allege that there were no damages to the Plan as a result of any alleged failure to provide appropriate investment options as alleged under the second paragraph 49 of the FAC.

**Sixteenth Affirmative Defense**

73. As a sixteenth and separate affirmative defense, these answering Defendants allege that Plaintiffs, either individually or by the acts and omissions of their agents or representatives, are estopped from asserting any claims, damages, or seeking other relief from answering Defendants.

**Seventeenth Affirmative Defense**

74. As a seventeenth and separate affirmative defense, these answering Defendants allege that Plaintiffs have not been damaged; however, to the extent that Plaintiffs claim otherwise, Plaintiffs failed to take adequate steps to minimize, alter, reduce, or otherwise diminish their alleged damages with respect to the matters alleged in the FAC and, by reasons of the foregoing, Plaintiffs are barred from recovering damages due to their failure to mitigate their alleged damages.

**Eighteenth Affirmative Defense**

75. As an eighteenth and separate affirmative defense, answering Defendants allege that none of the acts, conduct, and/or omissions attributed to answering Defendants in the FAC may be regarded as the actual or proximate cause of any damages Plaintiffs seek to recover.

**PRAYER FOR JUDGMENT**

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of their complaint, that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems just and proper.

**BRUCE MILLIMAKI AND MICHAEL EGGERT'S COUNTERCLAIM AGAINST LYMS, INC.**

Defendants/Counterclaimants Bruce Millimaki and Michael Eggert bring this Counterclaim against Plaintiffs/Counterdefendant LYMS, Inc., and state and allege as follows:

**JURISDICTION AND PARTIES**

1. Counterclaimant Millimaki is an individual residing in the City of Escondido, County of San Diego, State of California.

2. Counterclaimant Eggert is an individual residing in the City of Escondido, County of San Diego, State of California.

3. Counterclaimants are informed and believe that Counterdefendant LYMS, Inc., is a California corporation organized and existing under the laws of the State of California with its principal place of business located in the County of San Diego, State of California.

4. This court has jurisdiction pursuant to 28 U.S. C. § 1367(a).

**FACTUAL ALLEGATIONS**

5. Counterclaimant Millimaki was appointed Trustee of the LYMS, Inc. 401(k) Savings Plan ("Plan") (previously known as the Lipsey Millimaki & Co., Inc. 401(k) Profit Sharing Plan), effective as of October 1, 1991. Millimaki accepted this appointment effective as of October 1, 1991.

6. Lipsey Millimaki & Co., Inc., was the original Employer and Plan Sponsor of the Plan. LYMS, Inc., is the successor and current Employer of the Plan.

7. Section 7.13 of the Plan document executed on February 18, 2002, ("Agreement") entered into by Trustees Millimaki and Eggert and Employer Lipsey, Millimaki & Co., Inc., provides that "[t]he Employer agrees to indemnify and hold harmless the Trustee against any and all claims, losses, damages, expenses and liabilities the Trustee may incur in the exercise and performance of the Trustee's powers and duties hereunder, unless the same are determined to be due to gross negligence or willful misconduct."

8. Section 10.6 of the Agreement further provides that

> [i]n the event any claim, suit, or proceeding is brought regarding the Trust and/or Plan established hereunder to which the Trustee, the Employer or the Administrator may be a party, and such claim, suit or proceeding is resolved in favor of the Trustee, the Employer or the Administrator, they shall be entitled to be reimbursed from the Trust Fund for any and all costs, attorney's fees, and other expenses pertaining thereto incurred by them for which they shall have become liable.

9. On August 14, 2008, Millimaki and Eggert, through their counsel of record, sent a letter to counsel for LYMS, Inc., requesting that LYMS, Inc., indemnify Millimaki and Eggert for the claims brought against them in this action.

10. To date, no response has been received from LYMS, Inc., regarding the request to indemnify and hold harmless Millimaki and Eggert.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

11. Defendants and Counterclaimants incorporate by reference the above-stated paragraphs 1 through 10 of the Counterclaim as though fully set forth herein.

/./ ./

12. Defendants Millimaki and Eggert signed the Agreement which contains an express promise on the part of the Employer to "indemnify and hold harmless the Trustee against any and all claims, losses, damages, expenses and liabilities the Trustee may incur in the exercise and performance of the Trustee's powers and duties . . ." (section 7.13 of the Agreement).

13. By virtue of this lawsuit brought by LYMS, Inc., against Millimaki and Eggert, Plaintiff LYMS, Inc., has breached provision 7.13 of the Agreement.

14. As a direct and proximate result of said breach, Millimaki and Eggert have been damaged and will continue to incur damages as they defend against these claims in an amount to be determined at trial.

15. LYMS, Inc., as successor Employer, is responsible for these damages.

**SECOND CLAIM FOR RELIEF**

**(Indemnity)**

16. Defendants and Counterclaimants incorporate by reference the above-stated paragraphs 1 through 15 of the Counterclaim as though fully set forth herein.

17. As consideration for accepting appointment as Trustee, Defendants Millimaki and Eggert signed the plan document which provides that LYMS, Inc., would "indemnify and hold harmless the Trustee against any and all claims, losses, damages, expenses and liabilities the Trustee may incur in the exercise and performance of the Trustee's powers and duties . . . ."

18. On or about July 7, 2008, LYMS, Inc., Wendy Youngren and Cathy Means, as successor Trustees of the LYMOS 401(k) Savings Plan, brought this action asserting claims for violation of the Employee Retirement Income Security Act ("ERISA").

19. As a direct and proximate result of the filing of this action, Defendants Millimaki and Eggert have been damaged and will continue to incur damages in defense of this action, including attorney's fees to defend against the claims Plaintiffs allege occurred as a result of Defendants' conduct while acting as Trustees under the terms of the Plan.

20. LYMS, Inc., as successor Employer, is responsible for these damages.

/./ ./

/./ ./

**THIRD CLAIM FOR RELIEF**

**(Contribution)**

21. Defendants and Counterclaimants incorporate by reference the above-stated paragraphs 1 through 20 of the Counterclaim as though fully set forth herein.

22. Defendants Millimaki and Eggert signed the Agreement which contains an express promise on the part of the Employer that "[i]n the event any claim, suit, or proceeding is brought regarding the Trust and/or Plan established hereunder to which the Trustee, the Employer or the Administrator may be a party, and such claim, suit or proceeding is resolved in favor of the Trustee, the Employer or the Administrator, they shall be entitled to be reimbursed from the Trust Fund for any and all costs, attorney's fees, and other expenses pertaining thereto incurred by them for which they shall have become liable."

23. On or about July 7, 2008, LYMS, Inc., Wendy Youngren and Cathy Means, as successor Trustees of the LYMOS 401(k) Savings Plan, brought this action asserting claims for violation of the Employee Retirement Income Security Act ("ERISA").

24. As a direct and proximate result of the filing of this action, Defendants Millimaki and Eggert have been damaged and will continue to incur damages in defense of this action, including attorney's fees to defend against the claims Plaintiffs allege occurred as a result of Defendants' conduct while acting as Trustees under the terms of the Plan.

**PRAYER FOR JUDGMENT**

WHEREFORE, Defendants pray as follows:

1. For damages against Plaintiff LYMS, Inc., for breach of contract;

2. For damages against Plaintiff LYMS, Inc., in an amount sufficient to indemnify and hold Defendants Millimaki and Eggert harmless from claims, losses, damages, expenses, and liabilities, including, but not limited to, attorneys' fees and expenses, as provided for in section 7.13 of the Plan document;

3. For reimbursement by the Plan's Trust Fund for all costs, attorney's fees, and other expenses as provided for in section 10.6 of the Plan document;

/./

4. For prejudgment interest and post-judgment interest in an amount allowable by law; and

5. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38 and Local Rules 38.1 as to all triable issues under the FAC and the Counterclaim.

Dated: August 25, 2008

BUTTERFIELD SCHECHTER◆LLP

By: s/MARC S. SCHECHTER
MARC S. SCHECHTER
Attorneys for Defendants and Counterclaimants

CERTIFICATE OF SERVICE

Federal Rules of Civil Procedure Rule 5(b)

I, Susan L. Meter, hereby declare:

On August 25, 2008, I caused the following document to be electronically served:

- DEFENDANTS/COUNTERCLAIMANTS BRUCE MILLIMAKI AND MICHAEL EGGERT'S ANSWER TO FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. § 1001 *et seq.*; NEGLIGENCE AND BREACH OF CONTRACT UNDER 29 USC § 1367(a); and COUNTERCLAIM AGAINST LYMS, INC., FOR BREACH OF CONTRACT, INDEMNITY, AND CONTRIBUTION

on the interested parties who have agreed to accept e-filing as effective service in this action by filing this through the CM/ECF system to the following e-mail addresses:

plhallisey@brantonwilson.com    aliska@aalapc.com
sschreiner@swsslaw.com

who are the attorneys for the Plaintiffs and Defendant Gary Berman in this above-entitled action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 25, 2008, at San Diego, California.

Dated: August 25, 2008

s/Susan L. Meter
SUSAN L. METER
E-mail: smeter@bsllp.com