UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYMS, INC., et al, | Civil No. 08cv1210-AJB (NLS) |
| Plaintiffs, | **FOURTH AMENDED SCHEDULING ORDER** |
| v. | |
| BRUCE MILLIMAKI, et al, | [Doc. No. 173.] |
| Defendants. | |

The parties have filed a joint motion to continue dates pertaining to expert discovery. [Doc. No. 173.] Moving these dates will necessarily affect all other pending dates. Accordingly, good cause appearing, **IT IS HEREBY ORDERED**:

1. On or before **June 1, 2011**, Defendants shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

2. All expert discovery shall be completed by all parties on or before **July 15, 2011**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The

Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall, **within forty-five (45) days of the date upon which the event giving rise to the dispute occurred**, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the Court (*see* attached "Chambers' Rules" on Discovery Disputes).

All discovery motions shall be filed in accordance with Civil Local Rule 7.1 No discovery motion shall be filed *ex parte*. Any request to shorten time shall be filed in accordance with Civil Local Rule 7.1(e)(5).

3. Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4. All other pretrial motions must be filed on or before **August 15, 2011**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

5. A Mandatory Settlement Conference shall be conducted on **October 27, 2011** at **2:30 p.m.** in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **October 20, 2011**. **All parties are ordered to read and to fully comply with the attached Chamber Rules.**

6. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 17, 2011**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

7. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before **November 23, 2011**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance

with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rules of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  On or before **November 30, 2011**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge on or before **December 7, 2011**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10. The final Pretrial Conference is scheduled on the calendar of **Judge Battaglia** on **December 16, 2011** at **1:30 p.m**.

11. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. *The Court is not inclined to grant any more continuances in this case*.

**IT IS SO ORDERED.**

DATED: May 6, 2011

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

# CHAMBERS' RULES FOR MAGISTRATE JUDGE NITA L. STORMES

**A.** **Discovery Disputes**

If the parties have not resolved their dispute through the meet and confer process, counsel shall, within **forty-five (45) days of the date upon which the event giving rise to the dispute occurred (see (2) below)**, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the Court.

1. The joint statement is to include: (1) a declaration of compliance with the meet and confer requirement; (2) points and authorities (not to exceed 10 pages per side); and (3) a format in accordance with the "Sample Format" described below.

2. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the initial response.

3. Any exhibits accompanying the joint statement shall also be filed.

4. Counsel shall not attach copies of any meet and confer correspondence to the joint statement.

The Court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

## Sample Format: Joint Motion for Determination Of Discovery Dispute

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.

**B.** **Settlement Conference Procedures**

**1.** **Attendance**: All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir.

1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**2.** **Settlement Conference Briefs**: All parties are required to lodge a **confidential** settlement brief before the Settlement Conference. Please refer to the Court's order for the due date for the brief. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. Each brief shall set forth the following required confidential information:

a. A brief analysis of the key issues involved in the litigation;

b. A description of the strongest and weakest legal and factual points in the party's case;

c. A description of the strongest and weakest legal and factual points in the opponent's case;

d. The status of any settlement negotiations, including the last settlement proposal made by each party; and

e. The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail the **original only** of settlement briefs directly to chambers. If the submission exceeds 20 pages, a paper copy **must** be delivered or mailed to chambers. FAX briefs will not be accepted. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed.**

Chambers of Magistrate Judge Nita L. Stormes
940 Front Street, Suite 1101
San Diego, CA 92101
email: [efile_stormes@casd.uscourts.gov]